| | |
|---|---|
| Debtor Name <u>Barrio Restaurant Group, LLC</u> | Case number: <u>24-01184-CL11</u> |

**Fill in this information to identify the case:**

Debtor Name <u>Barrio Restaurant Group, LLC.</u>

United States Bankruptcy Court for the:<u> Southern District of California</u>

Case number:   <u>24-01184-CL11</u>

☐  Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11     02/20

### Barrio Restaurant Group, LLC's Plan of Reorganization, Dated November July 1, 2024

### Background for Cases Filed Under Subchapter V

**A. Description and History of the Debtor's Business**

    **1.    Debtor's Business Structure and Operations**

Barrio Dogg, LLC ("BD") is a California limited liability company that was formed in 2017. BD operates two restaurants serving Chicano comfort food, located at (1) 2234 Logan Avenue, San Diego, CA 92113 ("San Diego Property"), and (2) Petco Park (which is serviced from Debtor's catering kitchen at 665 H Street, Suites A and G, Chula Vista, CA 91910 ("Chula Vista Property")).

Barrio Restaurant Group, LLC ("BRG" or "Debtor") is a Texas limited liability company that was formed in February 2022. BRG operates a similar restaurant located at 620 S. Presa, San Antonio, TX 78210 ("San Antonio Property"), and which held its grand opening on March 15, 2024.

BD and BRG share common ownership. Both companies have four managing members, Pablo Rios and Margarita Georgieva (married), and Ernesto Gastelum and Laiza Saldana (married). Each member owns a 25% membership interest in BD and BRG.

Since around September 2022, BD transferred approximately $722,353.36 of value to BRG (the "Intercompany Transfers") through, primarily, BD's payment of BRG's start-up expenses, including tenant improvements and construction expenses, equipment purchases and leases, food and supplies, utilities, and payroll.

On April 1, 2024, Yes Capital levied the accounts of BD and BRG at PNC Bank. An administrative freeze was placed on BD's and BRG's accounts in an amount double (approximately $92,284) of the underlying judgment ($46,142). As a result, the balances in BD's and BRG's accounts were negative, leaving both companies without access to any funds in their accounts. These freezes were resolved within the first two weeks of the bankruptcy cases.

    **2.    Debtor's Bankruptcy Case**

On April 2, 2024, BD and BRG filed these related chapter 11 bankruptcy cases. Pursuant to orders entered on April 5, 2024, these related bankruptcy cases are being jointly administered.

Neither BD nor BRG have significant unencumbered assets to liquidate for the benefit of unsecured creditors.

Debtor Name <u>Barrio Restaurant Group, LLC</u>                                                                 Case number: <u>24-01184-CL11</u>

They do not own any real property. BD leases the San Diego and Chula Vista Properties. BRG leases the San Antonio Property. Both companies are current on their lease payments.

BD and BRG have limited cash or financial assets. Their principal assets are their commercial kitchen equipment.

BD's commercial kitchen equipment is over-encumbered with (1) first priority purchase money security interests held by various financing companies ("Equipment Lenders"), and (2) second priority blanket lien held by the Small Business Administration ("SBA"). The SBA Loan is secured by UCC-1 financing statements filed on October 7, 2020. The SBA's lien is in first position against BD's cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents ("Cash Collateral"). On the Petition Date, BD held cash of approximately $26,287.12 and food inventory of approximately $800.

BRG's commercial kitchen equipment is under-encumbered with first priority purchase money security interests held the Equipment Lenders. BRG is not a borrower or guarantor of BD's debt to the SBA or the Equipment Lenders. BD is the primary creditor of BRG on behalf of the Intercompany Transfers.

### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation.

Under a chapter 7 liquidation, the Debtor expects unsecured creditors to receive $0.00. The Debtor's liquidation analysis is attached as **Exhibit 1**.

### C. Ability to make future plan payments and operate without further reorganization

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The claims against the Debtor's bankruptcy estate total approximately $762,353.36. A summary of the claims against Debtor's bankruptcy estate is attached as **Exhibit 2**.

This Plan has a 60-month term which ends on September 30, 2029. Over this term, the Debtor will have $202,353.00 in projected disposable income (as defined by 11 U.S.C. § 1191(d)) for the period described in § 1191(c)(2). A summary of Debtor's financial projections is attached as **Exhibit 3**.

Under the Plan, the Debtor proposes to pay $202,353.00 to creditors. A table summarizing the plan payments to creditors is attached as **Exhibit 4**. Plan payments will be paid on a quarterly basis with each quarterly payment due not later than the last day of each calendar quarter (i.e., March 31, June 30, September 30, and December 31).

**You should consult with your accountant or other financial advisor if you have any questions pertaining to theseprojections.**

Debtor Name <u>Barrio Restaurant Group, LLC</u>                                    Case number: <u>24-01184-CL11</u>

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of Barrio Dogg, LLC (the *Debtor*) from disposable operating income from normal business operations.

This Plan provides for: __1__ class of priority claims
   __0__ classes of secured claims;
   __1__ class of non-priority unsecured clams; and
   __1__ class of equity security holders.

Overall, the Plan will pay a 26.5% distribution on all claims. With respect to each class of creditors, the Plan provides as follows:

The Plan provides for the payment of administrative expense claims ($40,000 estimated) and priority claims (Class 1) in full.

The Plan provides for pro rata payments to general unsecured creditors (Class 3) from 4Q'25 to 3Q'29.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

## Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | **Class 1** | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8) which are treated as unclassified claims). |
| 2.02 | **Class 2** | There are no secured claims allowed under § 506 of the Code. |
| 2.03 | **Class 3** | All non-priority unsecured claims allowed under § 502 of the Code. |
| 2.04 | **Class 4** | Equity interests in the Debtor. |

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| 3.01 | **Unclassified claims** | Under 11 U.S.C. § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes. |
|---|---|---|
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under 11 U.S.C. § 503 will be paid in full through payments under the plan consistent with 11 U.S.C. § 1191(e). See Exhibit 4. Payments to holders of administrative expense claims will begin in 4Q 2024. See Exhibit 4. Payments to each holder of an allowed administrative expense claim will begin upon the later of payments to administrative expense claims becoming due under this Plan (Exhibit 4), or the date on which such claim is allowed by a final non-appealable order. |
| 3.03 | **Priority tax claims** | Each holder of an allowed priority tax claim will be paid in full with applicable interest through payments under the plan and consistent with 11 U.S.C. § 1129(a)(9). |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01  **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| **Class 1**<br>Priority claims<br>(excluding those in Article 3) | ☐ Impaired<br>☒ Unimpaired | There are no Class 1 claims. |
| **Class 2**<br>Secured claims | ☐ Impaired<br>☒ Unimpaired | There are no Class 2 claims. |
| **Class 3**<br>Unsecured Claims<br>General Unsecured Claims | ☒ Impaired<br>☐ Unimpaired | Class 3 is impaired by this Plan, and each holder of an allowed Class 3 claim will receive a pro rata distribution of quarterly payments to Class 3 of: (1) $10,000 per quarter from 4Q'25 to 1Q'25, (2) $11,000 per quarter from 2Q'25 to 2Q'29, and (3) $11,140 in 3Q'29. |

Debtor Name <u>Barrio Restaurant Group, LLC</u>                              Case number: <u>24-01184-CL11</u>

| **Class 4**<br>Equity security interests of the Debtor | ☐ Impaired<br>☒ Unimpaired | Class 4 is unimpaired by this Plan, and each holder of a Class 4 Interest will be conclusively presumed to have voted to accept the Plan.<br><br>The holders of each Class 4 Interest will retain their rights and interests without impairment and will not receive any payments on account for their Class 4 Interests during the life of the Plan. |

### Article 5: Allowance and Disallowance of Claims

| 5.01 | **Disputed claims** | A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:<br><br>(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or<br><br>(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| --- | --- | --- |
| 5.02 | **Delay of distribution on disputed claims** | No distribution will be made on account of a disputed claim unless such claim is allowed by a final, non-appealable order. |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:<br><br>    1. Lease Agreement dated 8/5/2022, as amended and restated, between Debtor and 620 S. Presa, San Antonio, TX 78210 concerning the San Antonio Property.<br><br>(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.<br><br>A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 60 days after the date of the order confirming this Plan. |
| --- | --- | --- |

### Article 7: Means for Implementation of the Plan

| 7.01 **Funding for the Plan** | The Plan will be funded with the following: (i) cash on hand, (ii) Debtor's protected disposable income over a period of sixty (60) months, and (iii) pursuit of other estate claims and causes of action, if any. |
| --- | --- |

Official Form 425A            Plan of Reorganization for Small Business Under Chapter 11            **page 5 of 11**

Debtor Name <u>Barrio Restaurant Group, LLC</u>                                             Case number: <u>24-01184-CL11</u>

| | |
|---|---|
| **7.02 Composition of the Debtor After the Effective Date** | After the Effective Date, the Debtor shall be known as the "Reorganized Debtor." The partners of the Debtor, Saratoga and Dr. Chao, will remain as the sole partners of the Reorganized Debtor. |
| **7.03 Post-Confirmation Management and Compensation** | Pablo Rios, Margarita Georgieva, Ernesto Gastelum, and Laiza Saldana are the managing members of the Debtor.<br><br>The management of the Reorganized Debtor will remain the same as the management of the Debtor. The management of the Reorganized Debtor will be compensated at the rates currently approved for the management of the Debtor, subject to future adjustment. |
| **7.04 Disbursing Agent** | If the Plan is confirmed pursuant to 11 U.S.C.§ 1191(a), the Reorganized Debtor will act as the disbursing agent under the Plan. If the Plan is confirmed pursuant to 11 U.S.C. § 1191(b), the Reorganized Debtor will act as the disbursing agent under the Plan and submit a quarterly report to the Trustee, within 45 days after the end of each quarter, detailing the payees and amounts of payment to creditors under the Plan. The Reorganized Debtor will not charge any fee for acting as the disbursing agent and for making the Plan distributions. |
| **7.05 Objections to Claims** | The Debtor or the Reorganized Debtor, as the case may be, will file objections to all claims that are inconsistent with the Debtor's books and records or are otherwise objectionable to the Debtor unless the Debtor deems the inconsistency to be insignificant. With respect to disputed claims that are not resolved prior to the Plan Effective Date, the Reorganized Debtor will have the authority, in its sole discretion, and in the reasonable exercise of its business judgment, to settle or compromise any disputed claim without further notice or Court approval. As provided by Section 502(c) of the Bankruptcy Code, the Bankruptcy Court may estimate any contingent or unliquidated disputed claim for purposes of continuation of the Plan. Nothing contained in the Plan shall constitute a waiver or release by the Debtor or the Reorganized Debtor of any rights of setoff or recoupment, or of any defense, the Debtor or the Reorganized Debtor may have with respect any claim. There shall be no deadline for filing claim objections. |
| **7.06 Avoidance Actions, Strong Arm Powers, and Causes of Action** | All avoidance actions and strong-arm powers of a trustee under chapter 5 of Bankruptcy Code, shall irrevocably vest in the Debtor and be transferred in total to the Reorganized Debtor upon continuation of the Plan. The deadline for filing avoidance actions under chapter 5 of the Bankruptcy Code shall be the Plan Effective Date. The deadline for the Debtor or Reorganized Debtor to file any non-avoidance action shall be the later of (i) the statute of limitations for such cause of action and (ii) two years after the Petition Date. Regardless of whether they are listed on the Debtor's bankruptcy schedules of assets specified in the Plan, all causes of action owned by the Debtor shall vest in the Reorganized Debtor unless specifically settled with such settlement approved by order of the Court prior to confirmation of the Plan. |
| **7.07 Employment of Professionals by Reorganized Debtor and Payment of Professional Fees** | On and after the Effective Date, the Reorganized Debtor shall have the right to employ and compensate professionals as the Reorganized Debtor determines is appropriate and to compensate any such professionals without the need for any notice or further order of the Bankruptcy Court. |

Debtor Name <u>Barrio Restaurant Group, LLC</u>                                      Case number: <u>24-01184-CL11</u>

| | |
|---|---|
| **7.08 Exemption from Transfer Taxes** | Pursuant to 11 U.S.C. § 1146(c), the issuance, transfer or exchange of a security, or the making or delivery of an instrument of transfer under a plan continued under 11 U.S.C. § 1129, may not be taxed under any law imposing a stamp tax or similar tax. Transfers under the Plan that are exempt from taxes under 11 U.S.C. § 1146(c) include all transfers by the Debtor after the commencement of the bankruptcy case in contemplation of the Plan but prior to the effective date. The taxes from which such transfers are exempt include stamp taxes, recording taxes, sales and use taxes, transfer taxes, and other similar taxes. |
| **7.09 Distributions Made Pursuant to the Plan** | Except as otherwise agreed to by the Reorganized Debtor in writing, distributions to be made to holders of allowed claims pursuant to the Plan may be delivered by regular mail, postage prepaid, to the address shown in the Debtor's schedules, as they may from time to time be amended in accordance with Bankruptcy Rule 1009, or, if a different address is stated in a proof of claim duly filed with the bankruptcy court, to such address. Checks issued to pay allowed claims shall be null and void if not negotiated within sixty (60) days after the date of issuance thereof. |
| **7.10 Exculpations and Releases** | To the maximum extent permitted by law, neither the Debtor, the Reorganized Debtor, their management, nor any of their professionals employed or retained by any of them , whether or not by bankruptcy court order, shall have or incur any liability to any person or entity for any act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or continuation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein, including the distribution of estate funds. |

| Debtor Name Barrio Restaurant Group, LLC | Case number: 24-01184-CL11 |
|---|---|

| 7.11 Injunctions | The confirmation order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, equitable remedy, liability or interest released, discharged, stayed, or terminated pursuant to the Plan. |
|---|---|
| | Except as provided in the Plan or the plan confirmation order, as of the effective date, all entities that have held, currently hold or may hold a claim or other debt or liability or equitable remedy that was stayed or is discharged or an interest or other right of an equity security holder that is extinguished pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against: (I)(a) the Debtor, (b) the Reorganized Debtor, or (c) the officers, directors, managers, and equity holders of the Debtor as their alleged alter egos, or (II) their property; on account of any such discharged claims, debts or liabilities or extinguished interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance', (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan. |
| | By accepting distributions pursuant to the Plan, each holder of an allowed claim receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in this Section. The injunction described in this paragraph (the "Injunction") is applicable to all creditors and parties in interest with respect to claims or causes of action arising or existing prior to the effective date. |
| | All creditors and parties in interest who are presented with a copy of the confirmation order are charged with actual knowledge of the Injunction and with actual knowledge that the Injunction is applicable to said creditor and/or party in interest , such that it is impossible for said creditor and/or party in interest to have a good faith belief that the Injunction does not apply to said creditor's and/or party in interest's claim or cause of action.  Accordingly, any creditor and/or party in interest charged with such actual knowledge may be held in contempt for violating the Injunction, which contempt proceeding shall include the Reorganized Debtor's reasonable attorneys' fees and costs for enforcing the Injunction. |

Debtor Name <u>Barrio Restaurant Group, LLC</u>　　　　　　　　　　　　　　　　Case number: <u>24-01184-CL11</u>

## Article 8: General Provisions

| | |
|---|---|
| **8.01 Definitions and rules of construction** | The definitions and rules of construction set forth in 11 U.S.C. §§ 101 and 102 shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the definitions herein. |
| **8.02 Effective date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| **8.03 Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| **8.04 Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| **8.05 Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| **8.06 Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| **8.07 Corporate governance** | Section 1123(a)(6) of the Code applies to the Plan. The charter of the Reorganized Debtor shall include a provision prohibiting the issuance of nonvoting equity securities, and providing, as to the several classes of securities possessing voting power, an appropriate distribution of such power among such classes, including, in the case of any class of equity securities having a preference over another class of equity securities with respect to dividends, adequate provisions for the election of directors, representing such preferred class in the event of default in the payment of such dividends. |
| **8.08 Retention of Jurisdiction** | After confirmation of the Plan and occurrence of the effective date, in addition to jurisdiction which exists in any other court, the Bankruptcy Court will retain such jurisdiction as is legally permissible including for the following purposes:<br><br>1. To resolve any and all disputes regarding the operation and interpretation of the Plan and confirmation order;<br><br>2. To determine the allowability, classification, or priority of claims and interests upon objection by the Debtor or the Reorganized Debtor and to consider any objection to claim or interest whether such objection is filed before or after the effective date;<br><br>3. To determine the extent, validity and priority of any lien asserted against property of the Debtor and property of the Debtor's estate;<br><br>4. To construe and take any action to enforce the Plan, the confirmation order, and any other order of the Bankruptcy Court, issue such orders as may be necessary for the implementation, execution, performance, and consummation of the Plan, the confirmation order, and all matters referred to in the Plan and the confirmation order, and to determine all matters that may be pending before this bankruptcy |

court in this bankruptcy case on or before the effective date with respect to any person or entity related thereto;

5. To determine any and all applications for allowance of compensation and reimbursement of expenses of professionals for the period on or before the effective date;

6. To determine any request for payment of administrative expenses,

7. To determine motions for the rejection, assumption, or assignment of executory contracts or unexpired leases tiled before the effective date and the allowance of any claim s resulting therefrom ;

8. To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted during the pendency of the Bankruptcy Case whether before, on, or after the effective date;

9. To determine such other matters and for such other purposes as may be provided in the confirmation order;

10. To modify the Plan under Section 1 193 of the Bankruptcy Code in order to remedy any apparent defect or omission in the Plan or to reconcile any inconsistency in the Plan so as to carry out its intent and purpose upon motion by the reorganized debtor;

11. Except as otherwise provided in the Plan and the confirmation order, to issue injunctions, to take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or the confirmation , or the execution or implementation by any person or entity of the Plan or the confirmation order;

12. To issue such orders in aid of consummation of the Plan and the confirmation order, notwithstanding any otherwise applicable non-bankruptcy law, with respect to any person or entity, to the fullest extent authorized by the Bankruptcy Code or Federal Rules of Bankruptcy Procedure;

13. To enter a discharge, under sections 1192 and 1141(d) of the Bankruptcy Code, if applicable, and

14. To enter a final decree closing the bankruptcy case.

### Article 9: Discharge

If the Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from anydebt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A), except that the Debtor will not be discharged of any debt: imposed by this Plan; or to the extent provided in § 1141(d)(6).

If the Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192. The Debtor will not be discharged from any debt: (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of theFederal Rules of Bankruptcy Procedure.

### Article 10: Other Provisions

Respectfully submitted,

✖ /s/Margarita Georgieva
Margarita Georgieva, Managing Member of Debtor

✖ /s/Donald W. Reid
Ahren Tiller, Donald Reid, Counsel for Debtor

# Exhibit 1
# Liquidation Analysis

**BARRIO RESTAURANT GROUP, LLC**
**LIQUIDATION ANALYSIS**
**(As of July 1, 2024)**

| ASSETS | Value | Liens | Net Equity |
|---|---:|---:|---:|
| Current Assets | | | |
|   Cash | | | |
|   Deposited Funds | $ 10,000.00 | $ - | $ 10,000.00 |
|   Accounts Receivable | $ - | $ - | $ - |
|   Inventories | $ 800.00 | $ - | $ 800.00 |
| | $ 10,800.00 | $ - | $ 10,800.00 |
| Fixed Assets (Less Liens) | | | |
|   Furniture | $ 3,000.00 | $ - | $ 3,000.00 |
|   Electronic Equipment | $ 3,000.00 | $ - | $ 3,000.00 |
|   Collectibles | $ 10,000.00 | $ - | $ 10,000.00 |
|   Kitchen Equipment (Secured Claims Payable by BD) | $ 58,279.86 | $ 58,279.86 | $ - |
| | $ 74,279.86 | $ 58,279.86 | $ 16,000.00 |
| **LIABILITIES** | | | |
| Administrative Claims | | | |
|   Chapter 7 Administrative Claims | | | |
|     Chapter 7 Trustee Fee (11 USC 326) | $ 2,317.77 | $ - | $ 2,317.77 |
|     Chapter 7 Trustee Legal Fees | $ 5,000.00 | $ - | $ 5,000.00 |
| | $ 7,317.77 | $ - | $ 7,317.77 |
|   Chapter 11 Administrative Claims | | | |
|     Postpetition Accounts Receivable | $ - | $ - | $ - |
|     Chapter 11 Attorney Fees | $ 30,000.00 | $ - | $ 30,000.00 |
|     Chapter 11 Trustee Fees | $ 10,000.00 | $ - | $ 10,000.00 |
| | $ 40,000.00 | $ - | $ 40,000.00 |
| Available to Non-Administrative Claims | | | $ (20,517.77) |

**Exhibit 2**
**Claims Summary**
**Barrio Restaurant Group, LLC**

| Class | Source | Creditor | Notice Address | Payment Address | Filed Date | Secured | Collateral | Collateral Value | Priority | Unsecured | Pro Rata of Class |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Administrative Claims** | | | | | | | | | | | |
| | | Bankruptcy Law Center | 1230 Columbia St. Ste. 1100 San Diego, CA 92101 | Same | | | | | $ 30,000.00 | | |
| | | Subchapter V Trustee | | Same | | | | | $ 10,000.00 | | |
| **Class 1 - Priority Claims** | | | | | | | | | | | |
| | POC 1-2 | Internal Revenue Service | Internal Revenue Service PO Box 7346 Philadelphia, PA 19101-7346 | Internal Revenue Service Insolvency Group 8 1301 Clay St., M/S 1400S Oakland, CA 94612 | | | | | $ - | | |
| **Class 3 - Unsecured Claims** | | | | | | | | | | | |
| | POC 2-2 | Barrio Dogg, LLC | Barrio Dogg, LLC c/o Donald W. Reid 1230 Columbia St., Suite 1100 San Diego, CA 92101 | Barrio Dogg, LLC 2234 Logan Avenue San Diego, CA 92113 | | | | | | $ 722,353.36 | 100.0% |
| | | | | | | | | | | $ 722,353.36 | 100% |

**Exhibit 3**
**Financial Projections**

**Barrio Restaurant Group, LLC**
**FINANCIAL PROJECTIONS**
**(For the Five Years Forward: 2024 to 2029)**

|  | 4Q'24 | 1Q'25 | 2Q'25 | 3Q'25 | 4Q'25 | 1Q'26 | 2Q'26 | 3Q'26 | 4Q'26 |
|---|---|---|---|---|---|---|---|---|---|
|  |  | **2025** |  |  |  | **2026** |  |  |  |
| **OPENING CASH BALANCE** | $ 10,000.00 | $ 10,117.65 | $ 10,235.30 | $ 10,352.95 | $ 10,470.60 | $ 10,588.25 | $ 10,705.90 | $ 10,823.55 | $ 10,941.20 |
| **INCOME** | | | | | | | | | |
| Gross Sales | $ 273,000.00 | $ 273,000.00 | $ 273,000.00 | $ 273,000.00 | $ 273,000.00 | $ 273,000.00 | $ 273,000.00 | $ 273,000.00 | $ 273,000.00 |
| **COSTS OF GOODS SOLD** | | | | | | | | | |
| Alcohol Purchases | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 |
| Food Costs | $ 36,000.00 | $ 36,000.00 | $ 36,000.00 | $ 36,000.00 | $ 36,000.00 | $ 36,000.00 | $ 36,000.00 | $ 36,000.00 | $ 36,000.00 |
| Restaurant Supplies | $ 32,400.00 | $ 32,400.00 | $ 32,400.00 | $ 32,400.00 | $ 32,400.00 | $ 32,400.00 | $ 32,400.00 | $ 32,400.00 | $ 32,400.00 |
| Take-out & Delivery Services | | | | | | | | | |
|  | $ 72,900.00 | $ 72,900.00 | $ 72,900.00 | $ 72,900.00 | $ 72,900.00 | $ 72,900.00 | $ 72,900.00 | $ 72,900.00 | $ 72,900.00 |
| **GROSS PROFIT** | $ 200,100.00 | $ 200,100.00 | $ 200,100.00 | $ 200,100.00 | $ 200,100.00 | $ 200,100.00 | $ 200,100.00 | $ 200,100.00 | $ 200,100.00 |
| **EXPENSES** | | | | | | | | | |
| Accounting/Bookkeeping | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 |
| Advertising & Marketing | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 |
| Bank Charges & Fees | $ 63.00 | $ 63.00 | $ 63.00 | $ 63.00 | $ 63.00 | $ 63.00 | $ 63.00 | $ 63.00 | $ 63.00 |
| Business Fees & License | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 |
| Car & Truck | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 |
| Contractors | $ 54,000.00 | $ 54,000.00 | $ 54,000.00 | $ 54,000.00 | $ 54,000.00 | $ 54,000.00 | $ 54,000.00 | $ 54,000.00 | $ 54,000.00 |
| Dues & Subscriptions | $ 60.00 | $ 60.00 | $ 60.00 | $ 60.00 | $ 60.00 | $ 60.00 | $ 60.00 | $ 60.00 | $ 60.00 |
| Employee Benefits | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Insurance | $ 3,600.00 | $ 3,600.00 | $ 3,600.00 | $ 3,600.00 | $ 3,600.00 | $ 3,600.00 | $ 3,600.00 | $ 3,600.00 | $ 3,600.00 |
| Laundry & Cleaning | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 |
| Lease - San Antonio Property | $ 30,229.35 | $ 30,229.35 | $ 30,229.35 | $ 30,229.35 | $ 30,229.35 | $ 30,229.35 | $ 30,229.35 | $ 30,229.35 | $ 30,229.35 |
| Legal & Professional Services | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 |
| Meals & Entertainment | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 |
| Merchant Service Fees | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 |
| Office Supplies & Software | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 |
| Parking/Tolls | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 |
| Payroll Service Fees | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 |
| Payroll Tax Expenses | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 |
| Payroll Wage Expenses | $ 57,000.00 | $ 57,000.00 | $ 57,000.00 | $ 57,000.00 | $ 57,000.00 | $ 57,000.00 | $ 57,000.00 | $ 57,000.00 | $ 57,000.00 |
| Pest Control | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 |
| Postage & Shipping | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 |
| Repairs & Maintenance | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 |
| Sanitation | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 |
| Storage | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Taxes & Licenses | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 |
| Telephone | $ 600.00 | $ 600.00 | $ 600.00 | $ 600.00 | $ 600.00 | $ 600.00 | $ 600.00 | $ 600.00 | $ 600.00 |
| Travel | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 |
| Uniforms | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 |
| Utilities | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 |
| **Total Expenses** | $ 189,982.35 | $ 189,982.35 | $ 189,982.35 | $ 189,982.35 | $ 189,982.35 | $ 189,982.35 | $ 189,982.35 | $ 189,982.35 | $ 189,982.35 |
| **INCOME FROM OPERATIONS** | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 |
| **CHAPTER 11 PAYMENT** | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 |
| **CLOSING CASH BALANCE** | $ 10,117.65 | $ 10,235.30 | $ 10,352.95 | $ 10,470.60 | $ 10,588.25 | $ 10,705.90 | $ 10,823.55 | $ 10,941.20 | $ 11,058.85 |

Exhibit 3
Financial Projections

**Barrio Restaurant Group, LLC**
FINANCIAL PROJECTIONS
(For the Five Years Forward: 2024 to 2029)

|  | 2027 | | | | 2028 | | | |
|---|---|---|---|---|---|---|---|---|
|  | 1Q'27 | 2Q'27 | 3Q'27 | 4Q'27 | 1Q'28 | 2Q'28 | 3Q'28 | 4Q'28 |
| **OPENING CASH BALANCE** | $ 11,058.85 | $ 11,176.50 | $ 11,294.15 | $ 11,411.80 | $ 11,529.45 | $ 11,647.10 | $ 11,764.75 | $ 11,882.40 |
| **INCOME** | | | | | | | | |
| Gross Sales | $ 273,000.00 | $ 273,000.00 | $ 273,000.00 | $ 273,000.00 | $ 273,000.00 | $ 273,000.00 | $ 273,000.00 | $ 273,000.00 |
| **COSTS OF GOODS SOLD** | | | | | | | | |
| Alcohol Purchases | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 |
| Food Costs | $ 36,000.00 | $ 36,000.00 | $ 36,000.00 | $ 36,000.00 | $ 36,000.00 | $ 36,000.00 | $ 36,000.00 | $ 36,000.00 |
| Restaurant Supplies | $ 32,400.00 | $ 32,400.00 | $ 32,400.00 | $ 32,400.00 | $ 32,400.00 | $ 32,400.00 | $ 32,400.00 | $ 32,400.00 |
| Take-out & Delivery Services | | | | | | | | |
|  | $ 72,900.00 | $ 72,900.00 | $ 72,900.00 | $ 72,900.00 | $ 72,900.00 | $ 72,900.00 | $ 72,900.00 | $ 72,900.00 |
| **GROSS PROFIT** | $ 200,100.00 | $ 200,100.00 | $ 200,100.00 | $ 200,100.00 | $ 200,100.00 | $ 200,100.00 | $ 200,100.00 | $ 200,100.00 |
| **EXPENSES** | | | | | | | | |
| Accounting/Bookkeeping | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 |
| Advertising & Marketing | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 |
| Bank Charges & Fees | $ 63.00 | $ 63.00 | $ 63.00 | $ 63.00 | $ 63.00 | $ 63.00 | $ 63.00 | $ 63.00 |
| Business Fees & License | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 |
| Car & Truck | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 |
| Contractors | $ 54,000.00 | $ 54,000.00 | $ 54,000.00 | $ 54,000.00 | $ 54,000.00 | $ 54,000.00 | $ 54,000.00 | $ 54,000.00 |
| Dues & Subscriptions | $ 60.00 | $ 60.00 | $ 60.00 | $ 60.00 | $ 60.00 | $ 60.00 | $ 60.00 | $ 60.00 |
| Employee Benefits | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Insurance | $ 3,600.00 | $ 3,600.00 | $ 3,600.00 | $ 3,600.00 | $ 3,600.00 | $ 3,600.00 | $ 3,600.00 | $ 3,600.00 |
| Laundry & Cleaning | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 |
| Lease - San Antonio Property | $ 30,229.35 | $ 30,229.35 | $ 30,229.35 | $ 30,229.35 | $ 30,229.35 | $ 30,229.35 | $ 30,229.35 | $ 30,229.35 |
| Legal & Professional Services | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 |
| Meals & Entertainment | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 |
| Merchant Service Fees | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 |
| Office Supplies & Software | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 |
| Parking/Tolls | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 | $ 420.00 |
| Payroll Service Fees | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 |
| Payroll Tax Expenses | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 |
| Payroll Wage Expenses | $ 57,000.00 | $ 57,000.00 | $ 57,000.00 | $ 57,000.00 | $ 57,000.00 | $ 57,000.00 | $ 57,000.00 | $ 57,000.00 |
| Pest Control | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 |
| Postage & Shipping | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 | $ 180.00 |
| Repairs & Maintenance | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 |
| Sanitation | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 |
| Storage | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Taxes & Licenses | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 |
| Telephone | $ 600.00 | $ 600.00 | $ 600.00 | $ 600.00 | $ 600.00 | $ 600.00 | $ 600.00 | $ 600.00 |
| Travel | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 |
| Uniforms | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 |
| Utilities | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 |
| **Total Expenses** | $ 189,982.35 | $ 189,982.35 | $ 189,982.35 | $ 189,982.35 | $ 189,982.35 | $ 189,982.35 | $ 189,982.35 | $ 189,982.35 |
| **INCOME FROM OPERATIONS** | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 |
| **CHAPTER 11 PAYMENT** | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 |
| **CLOSING CASH BALANCE** | $ 11,176.50 | $ 11,294.15 | $ 11,411.80 | $ 11,529.45 | $ 11,647.10 | $ 11,764.75 | $ 11,882.40 | $ 12,000.05 |

**Exhibit 3**
**Financial Projections**

**Barrio Restaurant Group, LLC**
**FINANCIAL PROJECTIONS**
**(For the Five Years Forward: 2024 to 2029)**

|  | 1Q'29 | 2029 2Q'29 | 3Q'29 |
|---|---:|---:|---:|
| **OPENING CASH BALANCE** | $ 12,000.05 | $ 12,117.70 | $ 12,235.35 |
| **INCOME** | | | |
| Gross Sales | $ 273,000.00 | $ 273,000.00 | $ 273,000.00 |
| **COSTS OF GOODS SOLD** | | | |
| Alcohol Purchases | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 |
| Food Costs | $ 36,000.00 | $ 36,000.00 | $ 36,000.00 |
| Restaurant Supplies | $ 32,400.00 | $ 32,400.00 | $ 32,400.00 |
| Take-out & Delivery Services | | | |
|  | $ 72,900.00 | $ 72,900.00 | $ 72,900.00 |
| **GROSS PROFIT** | $ 200,100.00 | $ 200,100.00 | $ 200,100.00 |
| **EXPENSES** | | | |
| Accounting/Bookkeeping | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 |
| Advertising & Marketing | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 |
| Bank Charges & Fees | $ 63.00 | $ 63.00 | $ 63.00 |
| Business Fees & License | $ 900.00 | $ 900.00 | $ 900.00 |
| Car & Truck | $ 900.00 | $ 900.00 | $ 900.00 |
| Contractors | $ 54,000.00 | $ 54,000.00 | $ 54,000.00 |
| Dues & Subscriptions | $ 60.00 | $ 60.00 | $ 60.00 |
| Employee Benefits | $ - | $ - | $ - |
| Insurance | $ 3,600.00 | $ 3,600.00 | $ 3,600.00 |
| Laundry & Cleaning | $ 180.00 | $ 180.00 | $ 180.00 |
| Lease - San Antonio Property | $ 30,229.35 | $ 30,229.35 | $ 30,229.35 |
| Legal & Professional Services | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 |
| Meals & Entertainment | $ 180.00 | $ 180.00 | $ 180.00 |
| Merchant Service Fees | $ 4,500.00 | $ 4,500.00 | $ 4,500.00 |
| Office Supplies & Software | $ 300.00 | $ 300.00 | $ 300.00 |
| Parking/Tolls | $ 420.00 | $ 420.00 | $ 420.00 |
| Payroll Service Fees | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 |
| Payroll Tax Expenses | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 |
| Payroll Wage Expenses | $ 57,000.00 | $ 57,000.00 | $ 57,000.00 |
| Pest Control | $ 180.00 | $ 180.00 | $ 180.00 |
| Postage & Shipping | $ 180.00 | $ 180.00 | $ 180.00 |
| Repairs & Maintenance | $ 900.00 | $ 900.00 | $ 900.00 |
| Sanitation | $ 450.00 | $ 450.00 | $ 450.00 |
| Storage | $ - | $ - | $ - |
| Taxes & Licenses | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 |
| Telephone | $ 600.00 | $ 600.00 | $ 600.00 |
| Travel | $ 900.00 | $ 900.00 | $ 900.00 |
| Uniforms | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 |
| Utilities | $ 5,400.00 | $ 5,400.00 | $ 5,400.00 |
| **Total Expenses** | $ 189,982.35 | $ 189,982.35 | $ 189,982.35 |
| **INCOME FROM OPERATIONS** | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 |
| **CHAPTER 11 PAYMENT** | $ 10,000.00 | $ 10,000.00 | $ 12,353.00 |
| **CLOSING CASH BALANCE** | $ 12,117.70 | $ 12,235.35 | $ 10,000.00 |

| | | |
|---|---:|---:|
| Total Net Profit (Disposable Income) | $ | 202,353.00 |
| Total Plan Payments | $ | 202,353.00 |

**Exhibit 4**
**Projected Plan Payments**

**Barrio Restaurant Group, LLC**
**PROJECTED PLAN PAYMENTS**
**(For the Five Years Forward: 2024 through 2029)**

| | | | | 2024 | 2025 | | | | 2026 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 4Q'24 | 1Q'25 | 2Q'25 | 3Q'25 | 4Q'25 | 1Q'26 | 2Q'26 | 3Q'26 | 4Q'26 |
| **OPENING CASH BALANCE** | | | | $ 10,000.00 | $ 10,117.65 | $ 10,235.30 | $ 10,352.95 | $ 10,470.60 | $ 10,588.25 | $ 10,705.90 | $ 10,823.55 | $ 10,941.20 |
| **DISPOSABLE INCOME** | | | | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 |
| **PLAN PAYMENTS** | POC / SCHEDULE | CLAIM AMOUNT | PRO RATA | | | | | | | | | |
| Administrative | | | | | | | | | | | | |
| Bankruptcy Law Center, APC | | $ 30,000.00 | 75% | $ 7,500.00 | $ 7,500.00 | $ 7,500.00 | $ 7,500.00 | | | | | |
| Subchapter V Trustee | | $ 10,000.00 | 25% | $ 2,500.00 | $ 2,500.00 | $ 2,500.00 | $ 2,500.00 | | | | | |
| | | $ 40,000.00 | 100.0% | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | | | | | |
| **Class 1 - Priority Claims (IRS)** | POC 1-2 | $ - | -- | | | | | | | | | |
| **Class 3 - General Unsecured Claims** | | | | | | | | | | | | |
| Barrio Dogg, LLC | POC 2-2 | $ 722,353.36 | 100.0% | | | | | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 |
| **Class 4 - Equity Interests** | | | | | | | | | | | | |
| **ENDING CASH BALANCE** | | | | $ 10,117.65 | $ 10,235.30 | $ 10,352.95 | $ 10,470.60 | $ 10,588.25 | $ 10,705.90 | $ 10,823.55 | $ 10,941.20 | $ 11,058.85 |

**Exhibit 4**
**Projected Plan Payments**

**Barrio Restaurant Group, LLC**
**PROJECTED PLAN PAYMENTS**
**(For the Five Years Forward: 2024 through 2029)**

|  | POC / SCHEDULE | CLAIM AMOUNT | PRO RATA | 2027 | | | | 2028 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
|  | | | | 1Q'27 | 2QQ'27 | 3Q'27 | 4Q'27 | 1Q'28 | 2Q'28 | 3Q'28 | 4Q'28 |
| **OPENING CASH BALANCE** | | | | $ 11,058.85 | $ 11,176.50 | $ 11,294.15 | $ 11,411.80 | $ 11,529.45 | $ 11,647.10 | $ 11,764.75 | $ 11,882.40 |
| **DISPOSABLE INCOME** | | | | $ 10,117.65 | 10,117.65 | 10,117.65 | 10,117.65 | $ 10,117.65 | 10,117.65 | 10,117.65 | 10,117.65 |
| **PLAN PAYMENTS** | | | | | | | | | | | |
| Administrative | | | | | | | | | | | |
| Bankruptcy Law Center, APC | | $ 30,000.00 | 75% | | | | | | | | |
| Subchapter V Trustee | | $ 10,000.00 | 25% | | | | | | | | |
|  | | $ 40,000.00 | 100.0% | | | | | | | | |
| **Class 1 - Priority Claims (IRS)** | POC 1-2 | $ - | -- | | | | | | | | |
| **Class 3 - General Unsecured Claims** | | | | | | | | | | | |
| Barrio Dogg, LLC | POC 2-2 | $ 722,353.36 | 100.0% | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 |
| **Class 4 - Equity Interests** | | | | | | | | | | | |
| **ENDING CASH BALANCE** | | | | $ 11,176.50 | 11,294.15 | 11,411.80 | 11,529.45 | $ 11,647.10 | 11,764.75 | 11,882.40 | 12,000.05 |

**Exhibit 4**
**Projected Plan Payments**

**Barrio Restaurant Group, LLC**
**PROJECTED PLAN PAYMENTS**
**(For the Five Years Forward: 2024 through 2029)**

| | POC / SCHEDULE | CLAIM AMOUNT | PRO RATA | 1Q'29 | 2Q'29 | 3Q'29 | TOTAL | PERCENTAGE PAYMENT |
|---|---|---|---|---|---|---|---|---|
| **OPENING CASH BALANCE** | | | | $ 12,000.05 | $ 12,117.70 | $ 12,235.35 | | |
| **DISPOSABLE INCOME** | | | | $ 10,117.65 | $ 10,117.65 | $ 10,117.65 | $ 202,353.00 | |
| **PLAN PAYMENTS** | | | | | | | | |
| Administrative | | | | | | | | |
| Bankruptcy Law Center, APC | | $ 30,000.00 | 75% | | | | $ 30,000.00 | 100% |
| Subchapter V Trustee | | $ 10,000.00 | 25% | | | | $ 10,000.00 | 100% |
| | | $ 40,000.00 | 100.0% | | | | $ 40,000.00 | |
| **Class 1 - Priority Claims (IRS)** | POC 1-2 | $ - | -- | | | | $ - | NA |
| **Class 3 - General Unsecured Claims** | | | | | | | | |
| Barrio Dogg, LLC | POC 2-2 | $ 722,353.36 | 100.0% | $ 10,000.00 | $ 10,000.00 | $ 12,353.00 | $ 162,353.00 | 22.5% |
| **Class 4 - Equity Interests** | | | | | | | $ - | |
| **ENDING CASH BALANCE** | | | | $ 12,117.70 | $ 12,235.35 | $ 10,000.00 | -- | |

Projected Disposable Income  $  202,353.00
Total Plan Payments  $  202,353.00