1
2
3
4
5
6
7
8
9

Ahren A. Tiller – SBN 250608
Donald W. Reid – SBN 281743
BANKRUPTCY LAW CENTER, APC
1230 Columbia St., Ste. 1100
San Diego, CA 92101
Telephone: (619) 894-8831
Facsimile: (866) 444-7026
ahren.tiller@blc-sd.com
don@blc-sd.com

Counsel for
BARRIO DOGG, LLC, and
BARRIO RESTAURANT GROUP, LLC,
Debtors in Possession

10

11

12

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

13
14
15
16

In re

BARRIO DOGG, LLC,

Debtor in Possession,

17
18
19
20
21

BARRIO RESTAURANT GROUP, LLC
24-01184-CL11

Case No. 24-01183-CL11
(Jointly Administered)

Chapter 11, Subchapter V

**BARRIO RESTAURANT GROUP, LLC'S MOTION TO APPROVE ASSUMPTION OF NON-RESIDENTIAL REAL PROPERTY LEASE (620 S. PRESA ST., SAN ANTONIO, TX 78210); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LAURA HARDING**

Date:         September 16, 2024
Time:         10:30 a.m.
Place:        Dept. 1, Room 218

22

23
24

**TO THE HONORABLE CHRISTOPHER B. LATHAM, INTERESTED PARTIES, AND THEIR ATTORNEYS OF RECORD:**

25
26
27
28

Please take notice that Barrio Restaurant Group, LLC ("BRG"), a Debtor-in-Possession in these jointly administered Chapter 11 cases, hereby moves this court for an order approving BRG's assumption of its non-residential real property lease for 620 S. Presa St., San Antonio, TX 78210 (the "Presa Property").

1

1    BRG and 620 S. Presa Realty, Ltd. ("Lessor") are parties to that certain *Lease Agreement*

2    dated August 5, 2022 (the "Lease").

3    BRG's base rent under the Lease is currently $3,266.25/mo. The term of the Lease expires

4    on April 30, 2033. A true and correct copy of the Lease is attached as Exhibit 1 to the Declaration

5    of Margarita Georgieva, filed concurrently herewith.

6    By this Motion, BRG seeks authority for its assumption of the Lease pursuant to 11 U.S.C.

7    § 365(a) and Bankruptcy Rule 6006. As of the Petition Date (and as of the date hereof) the Lease

8    is free of default as to the base rent.

9    This Motion is supported by the accompanying Notice of Motion and Motion,

10   Memorandum of Points and Authorities, the Declaration of Margarita Georgieva and all

11   documents on file in this Bankruptcy Case.

12   Any opposition or other response to this Motion must be served upon the undersigned and

13   the original and copy of such papers with proof of service must be filed with the Clerk of the U.S.

14   Bankruptcy Court at 325 West F St., San Diego, CA 92101-6991, **not later than fourteen (14)[1]**

15   **days from the date of service.** If no opposition is received, it can be deemed as consent by the

16   Court to the relief requested therein.

17   Dated:  July 31, 2024                                    BANKRUPTCY LAW CENTER, APC

18                                                            By: /s/Donald W. Reid

19                                                            Ahren A. Tiller, Esq.
                                                             Donald W. Reid, Esq.

20
                                                             Counsel for Barrio Restaurant Group, LLC
21

22

23

24

25

26

27

28   [1] Depending on how you were served, you may have additional time for response. See FRBP
     9006.

2

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.    JURISDICTION AND VENUE**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (L). Venue is proper pursuant to 28 U.S.C. §§ 1408, 1409.

**II.    STATUTORY AUTHORITY**

This Motion is brought pursuant to the provisions of 11 U.S.C. § 365(a) and Federal Rule of Bankruptcy Procedure 6006.

**III.    STATEMENT OF FACTS**

On April 2, 2024 (the "Petition Date"), BRG filed a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the Bankruptcy Code. No creditor's committee has been appointed. BRG is continuing in possession of its property and is operating its business as debtor-in-possession pursuant to §§ 1107, 1008, and 1184. As a debtor-in-possession, BRG has a duty to operate its business to maximize the value of the estate for the benefit of creditors. *See Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 468 (2017).

BRG and 620 S. Presa Realty, Ltd. ("Lessor") are parties to that certain *Lease Agreement* dated August 5, 2022 (the "Lease"). A true and correct copy of the Lease is attached to the Declaration of Margarita Georgieva as **Exhibit 1**.

BRG's base rent under the Lease is currently $3,266.25/mo. The term of the Lease expires on April 30, 2033. BRG is current in its obligations under the Lease.

BRG believes that its assumption of the Lease is in the best interests of the estate and its creditors.

/ / /

/ / /

/ / /

**IV.    ARGUMENT**

A debtor may, with court approval, assume a lease of nonresidential real property. 11 U.S.C. § 365(a). Unless extended, the time to assume or reject with respect to a lease of nonresidential real property is not later than 120 days following the petition date. 11 U.S.C. § 365(d)(4). Here, the 120th day following the petition date is July 31, 2024. The rule in the Ninth Circuit is that a motion filed and served within the period set by the Bankruptcy Code is timely, even if the hearing on that motion is beyond the deadline. *In re Southwest Aircraft Services, Inc.*, 831 F.2d 848,853 (9th Cir. 1987). Accordingly, this Motion is timely.

Because the Lease is free from default, the provisions requiring a "cure" of defaults and "adequate assurance" of future performance under the Lease are not applicable. *See* 11 U.S.C. § 365(b)(1)(A), (C). *See* 3 Collier's on Bankruptcy ¶ 365.06[1] (16th Ed.) ("By it terms, Section 365(b) applies only when there has been a default other than a default relating to bankruptcy or financial condition. If there has been no default the [debtor] need not comply with the cure, compensation and adequate assurance requirements of section 365(b).").

The Ninth Circuit applies a business judgment test in connection with a debtor's decision whether to assume or reject an executory contract or unexpired lease. *See In re Pomona Valley Medical Group, Inc.*, 476 F.3d 665, 670 (9th Cir. 2007) (bankruptcy court applies the business judgment rule to evaluate a debtor's rejection decision under Section 365(a)). Although -the Ninth Circuit addressed a debtor's decision to reject an executory contract, *Pomona Valley* has been cited in connection with a debtor's decision to assume an unexpired lease, as well. *In re Miller*, 2016 Bankr. Lexis 1046 * 10-11 (Bankr. Mont. 2016); *see also In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993) (business judgment test applied to debtor's decision whether to assume under Section 365(a)).

Here, BRG has evaluated the decision to stay in its lease and believes that assumption is and will be in its and in the estate's best interests. The Presa Property is configured precisely to BRG's needs as a restaurant. The Presa Property is in an attractive location. The rent and other fees are reasonable. The Presa Property are convenient for BRG's employees and its business operations at Petco Park. And BRG's relationship with Lessor is productive, mutually respectful,

1   and very positive. Overall, BRG is satisfied with its decision to lease the Presa Property, and

2   believes it is a sound business decision to remain in the Presa Property under the terms of the

3   Lease and assume it in the Debtor's Chapter 11 Case.

4        If the Court does not approve BRG's assumption of the Lease during the hearing on

5   September 16, 2024, BRG requests the Court extend the time for BRG to assume or reject the

6   Lease by ninety (90) days to and including October 29, 2024, pursuant to 11 U.S.C. §

7   365(d)(4)(B)(i).

8   **V.    CONCLUSION**

9        For the foregoing reasons, this Motion should be granted. BRG's assumption of the Lease

10  should be approved.

11

12  Dated:  July 31, 2024                                    BANKRUPTCY LAW CENTER, APC

13                                                           By: /s/Ahren A. Tiller
                                                             Ahren A. Tiller, Esq.
                                                             Donald W. Reid, Esq.
14

15                                                           Counsel for Barrio Restaurant Group, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF MARGARITA GEORGIEVA

I, Margarita Georgieva, declare as follows:

1.     I am a Managing Member for Barrio Restaurant Group, LLC ("BRG"). I make the following statements based upon my personal knowledge.

2.     BRG and 620 S. Presa Realty, Ltd. ("Lessor") are parties to that certain *Lease Agreement* dated August 5, 2022 (the "Lease"). A true and correct copy of the Lease is attached hereto as **Exhibit 1**.

3.     BRG's base rent under the Lease is currently $3,266.25/mo. The term of the Lease expires on April 30, 2033.

4.     BRG is current in its payment of base rent and not in default under the Lease.

5.     BRG's benefits from its tenancy of the Presa Property under the Lease. This space is configured precisely to BRG's needs as a restaurant; it is in an attractive location; the rent and other fees are reasonable; the Presa Property is convenient for BRG's employees and its clientele; and BRG's relationship with Lessor is productive, mutually respectful, and very positive. Overall, BRG is satisfied with its decision to lease the Presa Property, and believes it is a sound business decision to remain in the Presa Property under the terms of the Lease and assume it in BRG's Chapter 11 Case.

6.     I believe that assumption of the Lease is in BRG's and the estate's interest. I believe that the cost of moving BRG's operations, both economically and psychologically, will be disadvantageous to BRG and its business activities.

7.     I believe that BRG is currently in business, has substantial prospects for continued profitability and growth in its business and that its current status and prospects provide adequate assurance to the Lessor that BRG will be able to continue in the future to perform all of its obligations under the Lease.

///

///

///

1      I declare under the penalty of perjury under the laws of the United States of America that

2   the foregoing is true and correct.

3

4   Dated: July 31, 2024                    By: /s/Margarita Georgieva

5                                                Margarita Georgieva

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7